RICHARD L HOLCOMB (HI Bar No. 9177)
JUSTIN A. BRACKETT (HI Bar No. 9954)
Holcomb Law, A Limited Liability Law Corporation
1136 Union Mall, Suite # 808
Honolulu, HI 96813
Telephone: (808) 545-4040
Facsimile: (808) 356-1954
Email: rholcomblaw@live.com
Email: justinbrackettlaw@gmail.com

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ROXANE KOON, | ) |
| | ) CASE NO. 1:14-CV-317 |
| Plaintiff, | ) |
| vs. | ) COMPLAINT FOR DAMAGES, |
| | ) DECLARATORY AND INJUNCTIVE |
| PHILLIPS & COHEN | ) RELIEF, EXHIBITS ONE AND TWO, |
| ASSOCIATES, LTD. and | ) VERIFICATION |
| PCA ACQUISITIONS V, LLC d/b/a | ) |
| PORTFOLIO ASSET GROUP | ) |
| | ) JURY TRIAL REQUESTED |
| Defendant. | ) |

## COMPLAINT

## JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15

U.S.C. § 1692k(d) ) and 28 U.S.C. § 1367 (supplemental jurisdiction).

2.      This action arises out of Defendant Phillips & Cohen Associates, Ltd.'s ("Defendant P & C") and PCA Acquisitions V, LLC d/b/a Portfolio Asset Group's ("Defendant PAG") violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq*. ("FDCPA"), in their illegal efforts to collect a consumer debt.

3.      Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## PARTIES

4.      Plaintiff Roxane Koon (hereinafter "Plaintiff" and/or "Ms. Koon") is a natural person who resides in Honolulu County, Hawai'i, and a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and a "Debtor" as that term is defined by Haw. Rev. Stat. § 443B-1.

5.      Defendant P & C is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Haw. Rev. Stat. § 443B-1.  Defendant P & C is a corporation registered with the State of Delaware, identifying its corporate headquarters as 1002 Justison Street, Wilmington, Delaware  19801.  It can be served through its Registered Agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE  19801.

6.      Defendant PAG is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Haw. Rev. Stat. § 443B-1.  Defendant PAG is a corporation

registered with the State of Delaware, identifying its corporate headquarters as 1002 Justison Street, Wilmington, Delaware  19801.  It can be served through its Registered Agent, The Corporation Company, Inc., 1136 Union Mall, Suite 301, Honolulu, HI  96813.

7.     Other defendants may be discovered in the course of litigation, and Ms. Koon respectfully prays that the Court will permit the addition of later discovered parties upon motion.

## FACTUAL ALLEGATIONS

8.     Defendant P & C uses mail in its business.

9.     Defendant P & C uses telephone communications in its business.

10.    The primary purpose of Defendant P & C is the collection of debts.

11.    Defendant P & C regularly collects or attempts to collect debts owed, or due, or asserted to be owed or due to another.

12.    Defendant PAG uses mail in its business.

13.    Defendant PAG uses telephone communications in its business.

14.    The primary purpose of Defendant PAG is the collection of debts.

15.    Defendant PAG regularly collects or attempts to collect debts owed, or due, or asserted to be owed or due to another.

16.    Defendants are debt collectors subject to the provisions of the Fair Debt Collection Practices Act.

17.    Defendants have alleged that Plaintiff incurred an obligation to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a credit card bill allegedly originally owed to or serviced by Sam's Club Discover, in the amount of $3,451.86.

18.    Sometime prior to August 22, 2013, Plaintiff's debt was assigned or transferred to Defendant PAG for collection from Plaintiff.

19.    Upon information and belief, Defendants do not maintain (i.e., actually employ or implement) procedures to avoid errors under the FDCPA.

20.    On August 22, 2013 Defendant P & C sent Ms. Koon a collection letter. The letter is attached as **Exhibit One**.  The collection letter identifies the "Original Creditor" as "Sam's ClubDiscover."

21.    The August 22, 2013 collection letter identifies the last four digits of the original creditor's account number as "3313."  The collection letter identifies the "Balance" as $3,451.86. **Exhibit One**.

22.    The August 22, 2013 collection letter identifies Defendant P & C's client as "PCA Acquisitions V, LLC. d/b/a PORTFOLIO ASSET GROUP."

23.    On August 27, 2013, Ms. Koon received the following message on her

cellular telephone voice-mail:

> Hello this message is for Roxane Koon.  Roxane Koon, I'd
> appreciate it if you gave my office a return call.  Ms. Koon, my
> name is Cory Smith and I'm trying to reach you in regards to an
> important matter that I did need to discuss with you.  My phone
> number, it's a toll free number, of (866) 504-7151.  (866) 504-
> 7251.  My extension is 4274.  When calling I'd appreciate it if
> you'd use the reference number of 19448287.

24.    The telephone number "(866) 504-7151" is a registered to, owned by and/or

used by Defendant P & C.

25.    The reference number left is the same as that identified in P & C's collection

letter dated August 22, 2013.

26.    The caller did not identify himself as a debt collector.

27.    On September 11, 2013, Ms. Koon received a call from (866) 504-5035.

28.    The telephone number "(866) 504-7151" is a registered to, owned by and/or

used by Defendant P & C.

29.    For the September 11, 2013 call, Ms. Koon again received another message on

the voicemail of her cellular telephone, from a representative of Defendant P

& C, Matt Racklin.

30.    Again, Mr. Racklin did not identify himself as a debt collector and left only the

reference number, 19448287, and requested Ms. Koon call his office at (866)

321-2195, extension 4187.

31.  The telephone number "(866) 321-2195" is a registered to, owned by and/or used by Defendant P & C.

32.  On September 20, 2013, Ms. Koon received another call from (866) 504-5035. Yet again, Defendant P & C left another message on the voicemail of Ms. Koon's cellular telephone.

33.  The September 20, 2013 message was left by one of Defendant P & C's representatives, Rachel Governin.  Again, Ms. Governin did not identify herself as a debt collector and left only the reference number and requested Ms. Koon call her back at (866) 321-2195, extension 4212.

34.  And, on October 21, 2013, Ms. Koon received yet another call from (866) 504-5035.

35.  For at least a fourth time, Ms. Koon received a message on the voicemail of her cellular telephone from a representative of Defendant P & C.  The representative identified herself as Lisa Arietta.  Yet again, Defendant P & C's representative did not identify herself as a debt collector and left only the reference number.

36.  Ms. Arietta requested Ms. Koon call her back at (866) 321-2195.  The telephone number "(866) 321-2195" is a registered to, owned by and/or used by Defendant P & C.

37.   On October 21, 2013, Defendant P & C also sent Ms. Koon another collection letter.   This letter again confirmed the reference number and that the underlying debt originated from the same Sam's ClubDiscover account as stated above.  The letter is attached as **Exhibit Two.**

### CAUSES OF ACTION

### *COUNT ONE:*
### *VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT*

### FIRST VIOLATION OF
### THE FAIR DEBT COLLECTION PRACTICES ACT:
### FAILURE TO DISCLOSE IDENTITY AS A DEBT COLLECTOR
### IN COLLECTION ATTEMPTS

38.   The acts of Defendants constitute violations of the Fair Debt Collection Practices Act.  Defendants' violations of the FDCPA also include, but are not limited to, the following:   The failure to disclose in each and every communication that the communication was from a debt collector, which is a violation of 15 U.S.C. § 1692e(11).

39.   Defendant P & C recognized in its letters with Ms. Koon that it was acting as a debt collector and that any information obtained from her would be used for the purpose of debt collection.

33.   However, Defendant P & C did not reveal itself as a debt collector in any of the voicemails it caused to be left on Ms. Koon's telephone, *i.e.*, on August 22, 2013, September 11, 2013, September 20, 2013, and/or October 21,

2013.

34.     These communications were attempts to collect the alleged debt and thus were in direct violation of 15 U.S.C. § 1692e(11) as they did not include the requisite disclosures.

**SECOND VIOLATION OF
THE FAIR DEBT COLLECTION PRACTICES ACT:
FAILURE TO DISCLOSE IDENTITY IN COLLECTION ATTEMPTS**

35.     The acts of Defendants constitute violations of the Fair Debt Collection Practices Act.  Defendants' violations of the FDCPA also include, but are not limited to, the following:  The placement of telephone calls without meaningful disclosure of the caller's identity, in violation of 15 U.S.C. § 1692d(6).

36.     In their messages, Defendant P & C's representatives never identified themselves as Philips & Cohen.

37.     In their messages, Defendant P & C's representatives never identified the collection agency they were calling on behalf of.

38.     In their messages, Defendant P & C's representatives never told Ms. Koon that they were debt collectors.

39.     Its failure to leave out what company was calling and/or what business they wished to discuss was a ploy intended to deceive Ms. Koon, and a violation of 15 U.S.C. § 1692d(6).

### *Respondeat Superior Liability*

40.     In addition to their individual liability under the FDCPA, the acts and omissions of Defendant P & C, as agents for Defendant PAG, were committed within the time and space limits of their agency relationship with their principal, Defendant PAG.

41.     The acts and omissions by Defendant P & C were incidental to, or of the same general nature as, the responsibilities they were authorized to perform by Defendant PAG in collecting consumer debts.

42.     By committing these acts and omissions against Plaintiff, those agents were motivated to benefit their principal, Defendant PAG.

43.     Defendant PAG is therefore liable to Plaintiff through the Doctrine of Respondeat Superior, for the intentional and negligent acts, errors, and omissions committed in violation of federal and state law by the debt collectors employed as agents of Defendant P & C during its attempts to collect the debt from Plaintiff.

### *Summary*

44.     The above-detailed conduct by Defendant and its agents in connection with collection of a consumer debt, was conduct in violation of numerous and multiple provisions of the FDCPA including, but not limited to, the above-cited provisions.

9

45.     As a result of Defendant's actions, Roxane Koon is entitled to an award of actual damages, statutory damages, as well as an award of costs and attorney fees.

## TRIAL BY JURY

46.     Plaintiff is entitled to and hereby respectfully demands a trial by jury.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant P & C and in favor of the Plaintiff as follows:

a)      Declaratory judgment that Defendants violated Ms. Koon's rights under the Fair Debt Collection Practices Act;

b)      That Plaintiff be awarded actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every defendant in an amount to be determined at a trial by a jury;

c)      That Plaintiff be awarded statutory damages pursuant to 15 U.S.C. §1692k(a)(2);

d)      That Plaintiff be awarded the costs of litigation including a reasonable attorney fee pursuant to 15 U.S.C. §1692k(a)(3);

e)      That the Court declare all defenses raised by Defendants to be insufficient; and

f)      Such other and further relief, including injunctive relief as may be

necessary to effectuate the Court's judgment, or as the Court

otherwise deems just and equitable.


Respectfully submitted this the <u>10</u><sup>th</sup> day of <u>July</u>, 2014.


                                        <u>*/s/ Justin A. Brackett*</u>
                                        Justin A. Brackett, #9954
                                        Attorney for Plaintiff
                                        1136 Union Mall, Suite 808
                                        Honolulu, TN 96813
                                        (808) 545-4040
                                        rholcomblaw@live.com